The Honorable Randy Laverty, State Senator Post Office Box 303 Jasper, Arkansas 72641-0303
Dear Senator Laverty:
I am writing in response to your recent request for my opinion on the following question:
 May the prohibition against filling vacancies with office holders or city employees be cured by enactment of an ordinance specifically permitting aldermen, council members, officials, or municipal employees to be appointed to fill vacancies in elective/appointive offices?
A few preliminary comments are needed before responding to your question. Based upon the background submitted with your request, I assume "the prohibition against filling vacancies with office holders" that you refer to is the prohibition found at A.C.A. § 14-42-107(a)(1), which is the only statutory prohibition specifically mentioned in your opinion request. This prohibition prevents aldermen, council members and elected municipal officials from being appointed, either during their term of office or for one year after, to any other municipal office which was created or had its emoluments increased during their term.
It must also be initially noted that while the above referenced prohibition applies to "office holders," it does not apply to the other group mentioned in your question, "city employees." I must, therefore, speculate as to what "prohibition against filling vacancies with . . . city employees" you are referring to. Your opinion request also referenced the text of A.C.A. § 14-42-107(b). This subsection does not directly prohibit filling a vacancy with a city employee. For reasons which will be set *Page 2 
forth in greater detail below, however, it likely precludes a city employee from continuing his or her employment after such an appointment. I therefore assume that A.C.A. § 14-42-107(b) is the provision that you have in mind with respect to city employees.
This opinion also presumes that you are inquiring whether individual ordinances, tailored to meet certain specific circumstances which arise, may be enacted. If you are seeking guidance on the permissibility of a blanket ordinance, applicable to all city officials and employees, in line with the parameters to be set forth in this opinion, please see Op. Att'y Gen. 2008-069.
RESPONSE
In my opinion, with regard to office holders, the answer to your question is generally "no." The prohibition under A.C.A. § 14-42-107(a)(1), in my opinion, cannot be cured by ordinance. With regard to city employees, to the extent that A.C.A. § 14-42-107(b)(1), constitutes a prohibition against filling vacancies with city employees, [1] it is my opinion that said prohibition may be cured by an ordinance passed by the governing body of the city.[2]
On the subject of office holders, A.C.A. § 14-42-107(a)(1) provides:
 No alderman, member of any council, or elected official of a municipal corporation, during the term for which he or she has been elected or one (1) year thereafter, shall be appointed to any municipal office that was created or the emoluments of which were increased during the time for which he or she has been elected.
A.C.A. § 14-42-107(a)(1) (Supp. 2007) (emphasis added). *Page 3 
Moreover, the next subsection, A.C.A. § 14-42-107(a)(2), prohibits any sitting alderman or council member from being appointed to any municipal office except where a statute specifically provides to thecontrary:
 No alderman or council member shall be appointed to any municipal office, except in cases provided for in §§ 14-36-101 et seq. — 14-61-101 et seq., during the time for which he or she may have been elected.
A.C.A. § 14-42-107(a)(2) (Supp. 2007).
In your opinion request, you referred to A.C.A. § 14-43-401(b)(2), which permits the appointment of a council member to serve as acting mayor when the office of mayor is vacant and the remaining unexpired term is greater than six (6) months, pending a special election. This is one of the instances alluded to in A.C.A. § 14-42-107(a)(2), where a statute specifically authorizes the appointment of an alderman or council member to a municipal office. By its own terms, however, A.C.A. § 14-43-401 controls the procedure to be followed under certain, very specific circumstances. Therefore, in my opinion, this subsection does not address a situation where the office to which the council member may be appointed was created or had its emoluments increased during the council member's term of office. If the emoluments of the office of mayor have been increased during the term of the council member in question, then I believe A.C.A. § 14-42-107(a)(1) will control and the council member will be ineligible to serve as acting mayor pursuant to A.C.A. § 14-43-401(b)(2).
In addition, you referenced the portion of A.C.A. § 14-42-107(b)(1) which provides that an alderman, council member, official, or municipal employee may be interested in a contract for furnishing supplies, equipment, or services to a municipality if the appropriate governing body passes an ordinance allowing the individual in question to transact business with the city. That subsection provides, in its entirety:
 No alderman, council member, official, or municipal employee shall be interested, directly or indirectly, in the profits of any contract for furnishing supplies, equipment, or services to the municipality unless the governing body of the city has enacted an ordinance specifically permitting aldermen, council members, officials, or *Page 4 municipal employees to conduct business with the city and prescribing the extent of this authority.
A.C.A. § 14-42-107(b)(1) (Supp. 2007). (Emphasis added).
It is my understanding that the crux of your question regarding the appointment of office holders is whether A.C.A. § 14-42-107(b)(1) permits a city to pass an ordinance permitting the type of conflict of interest described in A.C.A. § 14-42-107(a)(1). In my opinion, this section does not permit the governing body of a municipality to pass an ordinance permitting the sort of conflict of interest contemplated by A.C.A. § 14-42-107(a)(1), i.e., where the municipal office was created or had its emoluments increased during the officer's term. The text of subsection 14-42-107(b)(1), which allows for the mitigation of a conflict of interest through the passage of an ordinance, follows the description of another type of conflict of interest, i.e., interest in a contract, rather than interest in an office.
Therefore, based on the plain language of subsections 14-42-107(a)(1) (2) and the inapplicability of A.C.A. § 14-43-401(b)(2) and A.C.A. § 14-42-107(b)(1), it is my opinion that the prohibition contained in A.C.A. § 14-42-107(a)(1) is absolute and cannot be avoided by the passage of an ordinance to the contrary.
On the subject of city employees, I will again note that A.C.A. § 14-42-107(a)(1), the only statutory prohibition specifically referenced in your request, does not apply to city employees. However, it appears that A.C.A. § 14-42-107(b)(1) likely prevents the continued employment of a city employee after his or her appointment to fill a vacancy in a municipal office. It will be helpful to restate this subsection:
 No alderman, council member, official, or municipal employee shall be interested, directly or indirectly, in the profits of any contract for furnishing supplies, equipment, or services to the municipality unless the governing body of the city has enacted an ordinance specifically permitting aldermen, council members, officials, or municipal employees to conduct business with the city and prescribing the extent of this authority.
A.C.A. § 14-42-107(b)(1) (Supp. 2007). *Page 5 
The Arkansas Supreme Court has held that the mayor of a city could not continue her employment as a city bookkeeper after being elected mayor because the job of a bookkeeper could be seen as a contract for services under A.C.A. § 14-42-107(b)(1). See Thompson v. Roberts, 333 Ark. 544, 9970 S.W.2d 239 (1998). Therefore, under Thompson, it appears that a municipal employee could not continue his or her prior employment after being appointed to fill a vacancy in an office because the prior employment would constitute a contract for services.
However, the express language of A.C.A. § 14-42-107(b)(1) provides that this type of conflict, i.e., interest in a contract, may be waived by ordinance. Accordingly, assuming that a "contract for furnishing services" for purposes of A.C.A. § 14-42-107(b)(1), includes municipal employment and that the Thompson case therefore prohibits the continued employment of an employee who is appointed to fill a vacancy, it is my opinion that the city could pass an ordinance under A.C.A. § 14-42-107(b)(1) authorizing the new appointee to continue his or her previously existing employment.
Assistant Attorney General Jennie Clingan prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL, Attorney General
[1] As explained in some detail later this opinion, the Arkansas Supreme Court has held that A.C.A. § 14-42-107(b)(1) is properly interpreted to prevent the continued employment of a city employee after that employee becomes a municipal officeholder.
[2] It may be noted that the common law doctrine of incompatibility could, in certain circumstances, serve to prohibit both office holders and city employees from filling certain vacancies. See Op. Att'y Gen.99-052. However, as I have previously opined, A.C.A. § 14-42-107(b)(1) appears to authorize a city to enact an ordinance to avoid both the statutory conflicts described therein as well as common law conflicts of interest. Op. Att'y Gen. 2008-069.